IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUERGEN BENJAMIN,

        Plaintiff,

   vs.

COLUMBUS PUBLIC SCHOOLS,
et al.,

        Defendants.

Civil Action 2:06 cv 54
Judge
Magistrate Judge King

Benjamin v. Columbus Public Schools et al                                                                 Doc. 3

## OPINION AND ORDER

    Juergen Benjamin identifies himself as "black and a minority student." *Complaint*, at p.4. He is apparently an adult but also a full-time high school student at Centennial High School in Columbus, Ohio. He seeks to bring a civil rights action against the Columbus Public Schools, its superintendent, Centennial High School and its principal without prepayment of fees or costs. 28 U.S.C. §1915(a).

    Plaintiff's application for leave to proceed without prepayment of fees or costs is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid.

    Under 28 U.S.C. §1915(e), the Court must perform an initial screen of the complaint to determine its sufficiency. If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. §1915(e)(2)(B). This Court concludes that the complaint fails to state a claim upon which relief can be granted and the action will therefore be dismissed.

Dockets.Justia.com

The complaint refers to events that are alleged to have occurred on December 13, 2005. Plaintiff alleges that, while in the lunch area at Centennial High School, "an unknown student was allowed to go out a side door," "collect ice and snow and toss said objects into the School Lunch area," striking plaintiff on the back of his head and causing him "to suffer a concussion." *Complaint,* at p.2. Plaintiff "awoke half an hour later," being asked questions by a school security officer and the school nurse. *Id.* Plaintiff's father "arrived at the said institution and immediately took" plaintiff to a medical care facility where a "leading oncologist [sic]" diagnosed a concussion and referred plaintiff to "a leading concussion expert" who confirmed that diagnosis. *Id.* Plaintiff was not, apparently, admitted to the hospital at that time; he alleges that, later that same day, he vomited and fainted while at his home. His father called 911 and plaintiff was transported and eventually admitted to a hospital. *Id.*

The complaint invokes 42 U.S.C. §1985 which, *inter alia,* provides a remedy for injuries caused by a conspiracy based on some racial or other "class-based invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88 (1971). However, a corporate or collective entity cannot conspire with its own agents or employees. Where all defendants, allegedly co-conspirators, are members of the same collective entity, there are not two separate "people" to form a conspiracy. *Hall v. Cuyahoga Valley Bd. of Educ.,* 926 F.2d 505 (6th Cir. 1991). Because all named defendants are employed by or are otherwise part of the Columbus Public Schools, the complaint fails to state an actionable conspiracy claim under 42 U.S.C. §1985.

2

The complaint also invokes 42 U.S.C. §1983, which provides a remedy against a person who causes the denial of an individual's constitutional rights.

The complaint does not allege that the Columbus Public Schools or its superintendent caused a denial of plaintiff's rights; instead, each count refers to the alleged misconduct of "administrative officials at Centennial High School." Accordingly, the defendant Columbus Public Schools and Superintendent Gene Harris must be dismissed from this action.

Defendant Centennial High School Principal Frances Hershey is presumably one of the "administrative officials at Centennial High School" to whom the complaint refers. However, the complaint does not expressly state that defendant Hershey had any personal involvement in any of the events referred to in the complaint or otherwise caused a denial of plaintiff's constitutional rights. A supervisory employee cannot be held liable under §1983 for the constitutional torts of those whom she supervises unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994), quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum, a ... plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Alioto v. City of Shively*, 835 F.2d 1173 (6th Cir. 1987). The complaint does not allege the personal involvement of defendant Hershey in the events complained of. This defendant must therefore be dismissed.

The first two counts of the complaint refer to the deficiency in the medical care that was provided to plaintiff. Count I of the

3

complaint alleges that, by failing to call 911, the "administrative officials at Centennial High School failed to exercise "the care that a reasonable, prudent person would exercise under the same circumstances." *Complaint,* at p.3.   Count II alleges that the failure to assure that plaintiff was examined by qualified persons put his "life in danger and risk[ed] long term impairment. ..."   *Id.*   Count IV complains of an "unsafe and hazardous place of learning." *Id.,* at p.4.  The Constitution, however, does not insure against negligence on the part of public officials.  Rather, the due process clause of the Fourteenth Amendment assures only that officials may not act with deliberate indifference to or in reckless disregard of a substantial risk of serious harm to one whom the government is obligated to protect.  *See Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994), citing *Bell v. Wolfish,* 441 U.S. 520, 545 (1979).  *See also Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  Furthermore, to the extent that plaintiff bases a claim upon an alleged delay in medical treatment, he does not allege that he suffered any detriment as a result of the delay.  *See Napier v. Madison County, KY,* 238 F.3d 739, 742 (6th Cir. 2001).  Accordingly, Counts I, II and IV fail to allege deliberate indifference on the part of any defendant to the risk of harm alleged by the plaintiff.  These claims therefore fail to state a claim under §1983.

Count  V  of  the  complaint  alleges  libel,  slander  and defamation.  Such a claim is not actionable under §1983.  *Paul v. Davis,* 424 U.S. 693 (1976).  Although plaintiff also makes passing reference to a sanction of suspension, he does not allege that any such sanction was

4

imposed without due process of law. *See Goss v. Lopez,* 419 U.S. 505 (1975). The claim asserted in Court V must also be dismissed.

Count III asserts a claim of racial discrimination and specifically alleges that officials at the high school "did not call 911 for my medical care because I am black and a minority student." *Complaint,* at p.4. He asserts that similarly situated white students "who have suffered less minor injuries and concussions were facilitated with emergency calls to 911 so that expert medical care from health care professionals could be applied to said individuals. ..." *Complaint,* at p.5. A claim of intentional discrimination on the part of governmental officials based on a person's race can be actionable under 42 U.S.C. §1983. However, it is not at all clear to the Court that plaintiff was in any respect actually subjected to any alleged discriminatory treatment: the complaint itself alleges that plaintiff was evaluated by a school nurse and his father obtained medical care for his son. Moreover, it appears that neither the examining physician who initially saw the plaintiff nor the subsequent "leading concussion expert" to whom plaintiff was referred administered medical treatment beyond making a diagnosis of concussion. The fact that plaintiff was not immediately hospitalized cannot be attributed to any racial animus on the part of any named defendant. Count III therefore fails to state a claim.

Accordingly, the Court concludes that the complaint fails to state a claim upon which relief can be granted and it is therefore **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B).

The Clerk shall enter **FINAL JUDGMENT** in this case.

The Clerk shall also mail a copy of the complaint and of this *Opinion and Order* to each of the defendants at:

The Columbus Board of Education
270 East State Street
Columbus, Ohio 43215


_____  1-23-06
United States District Judge

6